**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3369
_____

LING LI,
Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA,
Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A095-844-000)
Immigration Judge:  Honorable Charles M. Honeyman
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 20, 2013

Before: SMITH, HARDIMAN*, and GREENAWAY, JR., <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 22, 2013)
_____

OPINION
_____

PER CURIAM

---

* Judge Hardiman has been substituted for Judge Weis.

Ling Li, a native and citizen of the People's Republic of China, petitions for review of the Board of Immigration Appeals' ("BIA") decision denying her motion to reopen her removal proceedings. For the reasons that follow, we will deny the petition.

I.

In 2001, Li entered the United States without being admitted or paroled. Thereafter, she was placed in removal proceedings and applied for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). In support of her application, Li claimed that family planning officials in China forced her to have an IUD inserted after the birth of her first child, and that her husband was forcibly sterilized after the birth of the couple's second child. Li also alleged that, shortly before she left China, she began hearing rumors that the Chinese government would sterilize women whose husbands had already been sterilized.

In 2004, an immigration judge ("IJ") denied Li's application and ordered her removal to China. In doing so, the IJ explained that "most of Li's case depended on the forcible sterilization of her husband, and that the evidence presented by Li 'previously was insufficient to justify a grant of asylum for the husband,' on account of an adverse credibility determination made in the husband's case."[1] Li v. Att'y Gen. of the U.S., 229 F. App'x 126, 129 (3d Cir. 2007) (summarizing and quoting the IJ's decision). The IJ also concluded that the forcible insertion of an IUD was, standing alone, insufficient to establish past persecution, and that Li's "mere statement that she heard [about the possible sterilization of women] . . . [was] inadequate for her to meet her burden of proof." (J.A. at 47.) The BIA adopted and affirmed

[1] An IJ in New York denied Li's husband's asylum application in 1999. The BIA upheld that decision on appeal, and it appears that Li's husband did not petition the United States Court of Appeals for the Second Circuit to review the agency's decision.

the IJ's decision on appeal, and we subsequently denied Li's petition for review. See Li, 229 F. App'x at 130.

In November 2011, more than six years after her final order of removal was issued, Li moved the BIA to reopen her removal proceedings. She alleged that conditions in China had changed, thereby "making it more dangerous for her to return to China in light of her violation of China's Birth Control Policy and her [recent] conversion to Christianity." (J.A. at 93.) In August 2012, the BIA denied the motion, concluding that Li had failed to show a material change in conditions in China.[2] Li now petitions for review of that decision.

## II.

We have jurisdiction over Li's petition pursuant to 8 U.S.C. § 1252(a)(1). We review the BIA's denial of a motion to reopen for abuse of discretion, Borges v. Gonzales, 402 F.3d 398, 404 (3d Cir. 2005), and must uphold that decision unless it is "arbitrary, irrational, or contrary to law," Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004) (quotation marks and citation omitted).

An alien generally must file a motion to reopen within ninety days of the entry of the final order of removal. See 8 U.S.C. § 1229a(c)(7)(C)(i). There is no such time limit, however, if the alien's motion "is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous

---

[2] The BIA also concluded that Li had not established that she was entitled to sua sponte reopening. "[W]e generally lack jurisdiction to review the BIA's decision not to reopen removal proceedings *sua sponte*," Pllumi v. Att'y Gen. of the U.S., 642 F.3d 155, 159 n.6 (3d Cir. 2011), and, in any event, Li does not challenge that aspect of the BIA's decision.

proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii). "To meet the materiality requirement, [an alien] must allege facts that would be sufficient, if proved, to change the result of [her] application [for relief]." Khan v. Att'y Gen. of the U.S., 691 F.3d 488, 496 (3d Cir. 2012).

Having considered the parties' arguments, and for the reasons provided by the BIA in its August 2012 decision, we hold that the BIA did not abuse its discretion when it concluded that Li's motion to reopen failed to establish materially changed conditions in China. Because the BIA was permitted to deny reopening on that basis alone, see INS v. Abudu, 485 U.S. 94, 104-05 (1988), there is no merit to Li's argument that the BIA erred by failing to consider whether her evidence in support of reopening established a prima facie case for asylum, withholding of removal, and/or CAT relief.

In light of the above, we will deny the petition for review. Li's request for oral argument is denied.